IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01085–EWN–CBS


DENISE SALAZAR,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Municipal corporation,
PAUL GIOSO,
MICHAEL COWHICK,
JANE DOE, Deputy Sheriff of the City and County of Denver;
KAREN RAINEAULT, Acting Nurse at the Denver City Jail;
DEFENDANTS I – X, Command Officers of the City and County of Denver and/or
The Sheriff's Department, whose true names are unknown,

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

      Plaintiff's claims in this case arise under 42 U.S.C. § 1983.  Plaintiff Denise Salazar alleges

that Defendant City and County of Denver ("City"), violated section 1983 by (1) failing to

implement various policies, (2) failing to train the officers in these various policies, and (3) failing

to train, supervise, and control its jail personnel.  Plaintiff alleges that Defendants Paul Gioso,

Michael Cowhick, Jane Doe, Karen Raineault, and Defendants I–X assaulted her and violated

section 1983 by using excessive force.  This matter is before the court on "Defendant City and

County of Denver's Motion for Summary Judgment," filed January 21, 2005 and Plaintiff's

"Motion to Recuse," filed June 16, 2004.  Jurisdiction is based on 28 U.S.C. § 1331.

## FACTS

### 1.  *Factual Background*

On March 5, 2003, at approximately 1:00 p.m., a Denver Police officer stopped Plaintiff

while she was driving her daughter's car.  (Def. City and County of Denver's Mem. Br. in Supp.

of Mot. for Summ. J. ¶ 1 [filed Jan. 21, 2005] [hereinafter "Def. City's Br."], Ex. A at 84 [Dep.

of Pl.].)[1]  The Denver Police officer arrested Plaintiff during the traffic stop based on a bench

warrant issued by a county court magistrate on February 8, 2002.  (*Id.*, Statement of Undisputed

Facts ¶ 2, Ex. A at 84 [Dep. of Pl.].)

Plaintiff suffers from Lupus and takes prednisone, a steroid, to control her condition.

(*Id.*, Statement of Undisputed Facts ¶ 3, Ex. A at 7–8 [Dep. of Pl.].)  Plaintiff takes prednisone

---

[1]Plaintiff did not follow my procedural rules when she responded to Defendant City's motion for summary judgment.  My procedural rules require that:

> [a]ny party opposing the motion for summary judgment shall in a section of the brief styled Response to Statement of Undisputed Facts, admit or deny the asserted material facts set forth by the movant.  The admission or denial shall be made in separate paragraphs numbered to correspond to movant's paragraph numbering.  Any denial shall be accompanied by a brief factual explanation of the reasons for the denial and a specific reference to material in the record supporting the denial.

(*See* Practice Standards — Civil, Special Instructions Concerning Motions for Summary Judgment ¶ 4.)  *Pro se* litigants must follow rules of procedure, including local rules.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Despite this, Defendant City accepts Plaintiff's version of facts, as described in Plaintiff's deposition, for purposes of this motion for summary judgment.  (Def. City's Br. at 1 n.1.)

twice daily; once in the morning and again at night before she goes to sleep. (*Id.*, Statement of Undisputed Facts ¶ 4, Ex. A at 8 [Dep. of Pl.].) On March 5, 2003, the day of Plaintiff's arrest, Plaintiff did not take prednisone in the morning. (*Id.*, Statement of Undisputed Facts ¶ 5, Ex. A at 111 [Dep. of Pl.].)

Following her arrest, the Denver Police Officer took Plaintiff to the police substation in Montbello, and then transported Plaintiff to the Denver City Jail ("City Jail") at approximately 3:30 p.m. (*Id.*, Statement of Undisputed Facts ¶ 6, Ex. A at 97 [Dep. of Pl.].) Upon arrival, Plaintiff met with the nurse at the City Jail. (*Id.*, Statement of Undisputed Facts ¶ 7, Ex. A at 98 [Dep. of Pl.].) Plaintiff alleges that the nurse failed to give her prednisone during her incarceration. (*Id.*, Statement of Undisputed Facts ¶ 8, Ex. A at 108–09 [Dep. of Pl.].)

At approximately 11:00 p.m. on March 5, 2003, Plaintiff's bond had been posted, but, before the City Jail could release Plaintiff, City Jail personnel wanted to know Plaintiff's date of birth. (*Id.*, Statement of Undisputed Facts ¶ 9, Ex. A at 7–8 [Dep. of Pl.].) Plaintiff could not think of her birth date and she proceeded to slide down the wall and sit on the floor. (*Id.*, Statement of Undisputed Facts ¶ 10, Ex. A at 133–34 [Dep. of Pl.].) While Plaintiff was sitting on the floor, male and female guards made degrading remarks about Plaintiff's size and about how she was having a temper tantrum. (*Id.*, Statement of Undisputed Facts ¶ 11, Ex. A at 126–27 [Dep. of Pl.].) Two male guards approached Plaintiff, although all she remembers is that she was "flying through the air." (*Id.*, Statement of Undisputed Facts ¶ 12, Ex. A at 134–35 [Dep. of

Pl.].)  The two male guards were trying to place Plaintiff back in a cell, but she resisted by screaming and trying to hook her foot around the doorway.  (*Id.*, Statement of Undisputed Facts ¶ 13, Ex. A at 135–36 [Dep. of Pl.].)

## 2.    *Procedural History*

On March 4, 2004, Plaintiff filed a complaint in District Court for the City and County of Denver, Colorado.  (Compl. [filed Mar. 4, 2004].)  Plaintiff asserted one claim for assault and battery against Defendants City, John Hickenlooper, Wellington Webb, Al La Cabe, Tracy Howard, John Doe, Richard Roe, and Jane Doe, Judy Roe, and Defendants I–X.  (*Id.* ¶ 13.)  On April 30, 2004, Plaintiff filed an amended complaint in District Court for the City and County of Denver, Colorado.  (Am. Compl. [filed Apr. 30, 2004].)  Plaintiff asserted claims for: (1) assault and battery against the same Defendants as in the original complaint and added Defendants Gioso, Cowhick, Jane Doe, and Raineault; (2) excessive force in violation of 42 U.S.C. § 1983 against Defendants Gioso, Cowhick, Jane Doe, and Raineault; (3) "failure to implement policies, customs, or usages" in violation of 42 U.S.C. § 1983 against Defendant City; (4) reckless indifference to training and supervision in violation of 42 U.S.C. § 1983 against Defendant City; and (5) discrimination in violation of the Americans with Disabilities Act ("ADA").  (*Id.* at 1–5.)  On May 27, 2004, Defendants filed a notice of removal to federal court.  (Notice of Removal [filed May 27, 2004].)

On June 17, 2004, Plaintiff, by and through her attorneys, Morton Coggan and Herbert

DeLaney, Jr., filed a motion to recuse.  (Mot. to Recuse [filed June 17, 2004].)  Specifically,

Plaintiff asserted that

> [i]n the 1980's Herbert W. DeLaney, Jr. and the Honorable Edward W.
> Nottingham were attorneys engaged in the practice of law within the State of
> Colorado and involved in a case where certain circumstances arose creating a
> situation which gives rise to a reasonable question of the impartiality of the Court
> in this case where Herbert W. DeLaney, Jr. is a counsel of record for the Plaintiff.

(*Id.*)

On July 1, 2004, the parties filed a stipulated motion to dismiss Defendants

Hickenlooper, Webb, La Cabe, and Howard.  (Stipulated Mot. to Dismiss Defs. Hickenlooper,

Webb, La Cabe, and Howard and Stipulated Mot. to Am. Compl. [filed July 1, 2004].)  On July

15, 2004, I granted the parties' stipulated motion to dismiss.  (Order [filed 7/15/04].)

On September 30, 2004, Plaintiff filed a second amended complaint.  (Second Am.

Compl. [filed Sept. 30, 2004] [hereinafter "Second Am. Compl."].)  Plaintiff asserted the same

claims for relief as she did in her amended complaint, except that she omitted any claim under the

ADA.  (*Id.*)  The second amended complaint also reflects the stipulated dismissal of certain

aforementioned Defendants.  (*Id.*)

On November 29, 2004, Plaintiff's lead counsel, Morton L. Coggan, filed a motion to

withdraw as counsel.  (Mot. of Morton L. Coggan to Withdraw as Counsel For Pl. [filed Nov.

29, 2004].)  On December 2, 2004, the magistrate judge granted Plaintiff's counsel's motion to

withdraw as counsel for Plaintiff.  (Courtroom Mins. [11/30/04].)  The courtroom minutes reflect

that "[Plaintiff] advises the Court she is aware of her obligations as a *pro se* litigant and is

contemplating retaining new counsel." (*Id.*)

On January 21, 2005, Defendant City filed a motion for summary judgment.  (Def. City's

Br.)  Defendant City argues that Plaintiff (1) has failed to demonstrate municipal liability under

42 U.S.C. § 1983; and (2) has failed to state a claim for relief under the ADA.  (*Id.* at 6–7.)  On

February 7, 2005, Plaintiff, *pro se*, filed her response to Defendant City's motion for summary

judgment.  (Pl. Denise Salazar Pro Se Mem. Br. in Opp'n of Mot. for Summ. J. [filed Feb. 7,

2005] [hereinafter "Pl.'s Resp."].)  On February 25, 2005, Defendant City filed its reply in

support of the motion for summary judgment.  (Def. City and County of Denver's Reply in

Supp. of Mot. for Summ. J. [filed Feb. 25, 2005] [hereinafter "Def.'s Reply"].)  This matter is

fully briefed.

## ANALYSIS

### 1.   *Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant

summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)

(2003); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc.*

*v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Celotex Corp.*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "'Only disputes over facts that might affect the outcome of the suit under governing law will preclude the entry of summary judgment.'" *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998) (quoting *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record must be viewed in the light most favorable to the nonmoving party. *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 [10th Cir. 1990]).

      *Pro se* litigants must follow rules of procedure, including local rules. *Green*, 969 F.2d at 917. "While we of course liberally construe [*pro se*] pleadings, a[] [plaintiff's] [*pro se*] status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Jan County*, 32 F.3d 452, 455 (10th Cir.

1994).  Despite this requirement, the Tenth Circuit has expressed concern that *pro se* litigants not have their suits dismissed on summary judgment merely because they have failed to comply with the technical requirements involved in defending such a motion.  *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

**2.      *Evaluation of Plaintiff's Claims***

Plaintiff apparently asserted four claims against Defendant City:  (1) "failure to implement policies, customs, or usages" in violation of 42 U.S.C. § 1983, (Second Am. Compl. at 3–4); (2) recklessly indifferent lack of training and supervision in violation of 42 U.S.C. § 1983, (*id*. at 4–5);[2] and (3) discrimination in violation of the ADA.[3]  Defendant City alleges that Plaintiff has failed to demonstrate municipal liability under 42 U.S.C. § 1983 and Plaintiff failed to state a claim under the ADA.  (Def. City's Br. at 6–7.)

**a.      *Plaintiff's Section 1983 Claims***

Section 1983 provides:

Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

---

[2]Plaintiff's fifth and sixth claims for relief allege that Defendant City failed to train and supervise its employees.  (Second Am. Compl. at 4–5.)  These claims for relief are identical, and I thus evaluate them together.

[3]As described in more detail below, Plaintiff did not include this claim in her second amended complaint, but, she claims this omission was inadvertent.  (Pl.'s Resp. at 3.)

Constitution and laws, shall be liable to the party injured in an action at law, suit
in equity, or other proper proceeding for redress . . .

42 U.S.C.A. § 1983 (2004).  To establish a claim under section 1983, a plaintiff must establish

(1) a deprivation of a federal or constitutional right by (2) a person acting under color of state

law.[4]  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Section 1983 allows a plaintiff to

seek money damages from government officials who have violated his or her constitutional rights.

*Id.*

Municipalities may not be sued under section 1983 for an injury inflicted solely by its

employees or agents.  *Monell v. Dep't. of Social Serv. of the City of New York*, 436 U.S. 658, 694

(1978).  It is only "[w]hen execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

the injury . . . the government as an entity is responsible under [s]ection 1983."  *Id.*  There is no

requirement, however, that the action was taken pursuant to a long-standing or regularly applied

policy of the municipality.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).  Municipal

liability may be imposed for a single decision by municipal policymakers under appropriate

circumstances.  *Id.*  This is the case even when the decision was not made by its "properly

constituted legislative body" but rather by "other officials whose acts or edicts may fairly be said

to represent official policy."  *Id.*  Further, "the inadequacy of policy training may serve as a basis

---

[4]The parties do not dispute that Defendant City is a person acting under color of state
law.

for [section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Allen v. Muskogee, Oklahoma*, 119 F.3d 837, 841 (10th Cir. 1997).

Plaintiff asserts, without a single citation to the record, that Defendant City is liable to Plaintiff under section 1983 because:

> [a]ll of the acts herein complained of were done intentionally, knowingly, recklessly, maliciously, and represent the official policies, customs and usage, or lack thereof, within the City and County of Denver. . . . The Mayors, Managers of Safety and Command Officers are responsible for supervising jail guards and personnel so they cannot violate the constitutional rights of jail inmates, and more particularly the Plaintiff.

(Pl.'s Resp. at 2.)  As noted above, Plaintiff does not offer any support whatsoever in support of this argument.  Plaintiff does not rely on any admissible evidence to support her position. Mere conclusory allegations without any supporting factual averments are insufficient to state a claim under 42 U.S.C. § 1983.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action).  Plaintiff's conclusory allegations, without more, merely reflect Plaintiff's frustration and opinions regarding Defendant City's alleged treatment of Plaintiff during her short incarceration.  (Pl.'s Resp. at 2.)  Plaintiff has failed to demonstrate any evidence regarding a municipal policy or custom.

Despite Plaintiff's failure to produce evidence in support of her claims against Defendant City, the Tenth Circuit has expressed concern that *pro se* litigants not have their suits dismissed on summary judgment merely because they have failed to comply with the technical requirements

-10-

involved in defending such a motion. *Jaxon*, 773 F.2d at 1140. "The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury." *Hall*, 935 F.2d at 1111.

Thus, I evaluate Plaintiff's claims in light of her complaint and response to Defendant City's motion for summary judgment to determine if Plaintiff's allegations are sufficient to survive summary judgment. Plaintiff asserts two bases for her section 1983 claim. (Second Am. Compl. at 4–5.) First, Plaintiff's fourth claim for relief alleges that Defendant City's failure to implement one of the following policies, customs, or usages, constitutes a deprivation of constitutional rights:

> (a) [t]o regulate discernment of ill people in their custody; (b) [t]o follow through on valid complaints and references to doctors and pharmacies; (c) [t]o provide knowledgeable medical personnel; (d) [t]o instruct regarding handling and moving immobile inmates (not drag, face down and throw in cell on floor); (e) [t]o not try to avoid care by ambulance by threat of expense; (f) [t]acit authorization of poor care, incompetence, and excessive force leading to bodily injury; (g) [f]ailing to discipline, sanction or discharge personnel involved in mistreatment of inmates; and (h) cover-up of jail mistreatment of inmates.

(Second Am. Compl. at 4.) Plaintiff's allegations that Defendant City has failed to implement the aforementioned policies, customs or usages are without merit. Plaintiff cannot establish through personal knowledge that Defendant City does or does not have such policies.

Moreover, the facts of this case indicate that there is a policy at the City Jail regarding medical evaluation and treatment. Plaintiff testified that upon arrival at the City Jail a nurse met with and evaluated her. (Def. City's Br., Statement of Undisputed Facts ¶ 7, Ex. A at 98 [Dep.

-11-

of Pl.].)  Further, Plaintiff's allegation that Defendant City failed to implement other policies is

specious, considering that Plaintiff admittedly does not remember most of the events that

transpired while she was incarcerated.  (*Id.*, Statement of Undisputed Facts ¶ 12, Ex. A at

134–35 [Dep. of Pl.].)  Thus, construing Plaintiff's complaint liberally, as I must because

Plaintiff proceeds *pro se*, Plaintiff has failed to demonstrate a genuine issue of material fact on her

fourth claim for relief.

Plaintiff's fifth and sixth claims for relief allege that Defendant City is liable under section

1983 based on Defendant City's alleged failure to train and supervise its employees.  (Second

Am. Compl. at 4–5.)  Plaintiff must demonstrate that the alleged custom or policy comprised a

failure to act which resulted from Defendant City's deliberate indifference to Plaintiff's rights.

*City of Canton v. Harris*,  489 U.S. 378, 389 (1989).  "More specifically, if the inaction theory

rests on an alleged failure to train, the plaintiff must prove 'the need for more or different training

is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that

the policymakers of the city can reasonably be said to have been deliberately indifferent to the

need' for additional training."  *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (quoting

*Harris*, 489 U.S. at 390).

Here, Plaintiff's allegations are based on a single incident of alleged unconstitutional

activity by Defendant City's employees.  Ordinarily, "'[p]roof of a single incident of

unconstitutional activity is not sufficient to impose [municipal] liability.'"  *Jenkins*, 81 F.3d at

994 (quoting *Butler v. City of Norman*, 992 F.2d 1053, 1055 [10th Cir. 1993]). In the case where a plaintiff seeks to impose municipal liability on the basis of a single incident, "'the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued.'" *Id.* (quoting *Pembaur*, 475 U.S. at 483-85); *see also Butler*, 992 F.2d at 1055 (the plaintiff must prove the single incident was "caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker"). Thus, construing Plaintiff's complaint liberally, as I must, Plaintiff has not asserted through personal knowledge that the alleged constitutional violations were caused by an existing unconstitutional municipal policy which can be attributed to a municipal policy maker. Accordingly, Defendant City is entitled to summary judgment on Plaintiff's fifth and sixth claims for relief.

  **b.**  ***Plaintiff's ADA Claim***

    Plaintiff does not allege a violation of the ADA in her second amended complaint. (Second Am. Compl. at 5.) Plaintiff included an ADA claim in her first amended complaint, but omitted this language in her second amended complaint. (Def. City's Br., Ex. C–5 [Am. Compl.].) Plaintiff did not file either of these complaints *pro se*.

    Plaintiff asserts that "[t]he exclusion of the [ADA claim] . . . was suppose [sic] to be admitted but was left out because of an inadvertent error by Plaintiffs [sic] former counsel."

-13-

(Pl.'s Resp. at 3.)  Apparently, Plaintiff seeks to assert a claim that Defendant City's actions in failing to provide medical treatment violated the ADA.

> A plaintiff's complaints of inadequate treatment d[o] not fall within the scope of the anti-discrimination provisions of the ADA. . . . These statutes afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities.

*Moore v. Prison Health Servs., Inc.*, No. 98–3310, 201 F.3d 448, *1 (10th Cir. Dec. 1, 1999) (table).  The failure to provide medical treatment to a disabled prisoner does not constitute an ADA violation.  *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 [7th Cir. 1996]).  Thus, Plaintiff's ADA claim fails as a matter of law.

Finally, if Plaintiff is attempting to assert an ADA claim based on an alleged denial of access to services or programs, this claim also fails.  As stated above, the ADA affords disabled persons legal rights regarding access to programs and activities enjoyed by all. *Moore*, 201 F.3d 448, *1; *see also Bryant*, 84 F.3d at 249.  Plaintiff admitted in her deposition and answers to Defendant City's interrogatories that Defendant City did not deny her the benefits of or exclude her from participation in services, programs, or activities at the City Jail.  (Def. City's Br., Ex. A–11 at 162 [Dep. of Pl.]; Ex. E–4, F–2 [Answers to Interrogatories].)  Accordingly, even assuming Plaintiff properly pled a claim for violation of the ADA, Plaintiff's claim fails as a matter of law.

*3.*      *Conclusions*

1.      Defendant City's motion for summary judgment (# 37) is GRANTED.

2.      Plaintiff's motion for recusal (# 6) is DENIED as moot.

3.      The clerk shall forthwith enter judgment in favor of Defendant City and against

Plaintiff, dismissing all claims with prejudice.  Defendant City may have its costs by filing a bill

of costs within eleven days of the date of this order.

Dated this  27th  day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge